IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUGARTOWN WORLDWIDE LLC | : | CIVIL ACTION |
| v. | : | NO. 14-5063 |
| SHANKS, *et al.* | : | |

## ORDER

**AND NOW,** this 14th day of September 2015, upon consideration of Defendant Kenneth Linn Shanks' ("Shanks") Motion to Dismiss the Amended Complaint (ECF Doc. No. 56), Plaintiff's Revised Response (ECF Doc. No. 74), mindful of our March 24, 2015 Memorandum (ECF Doc. No. 21) and for the reasons, in part, in the accompanying Memorandum, it is **ORDERED** Shanks' Motion (ECF Doc. No. 56) is **GRANTED in part and DENIED in part**:

1. Shanks' Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Count I (action to enforce judgment) is **DENIED** as to Outlook Hong Kong as Plaintiff states a claim for Shanks' potential alter ego liability for the default judgment against Outlook Hong Kong;

2. Shanks' Fed.R.Civ.P. 12(b)(6) Motion to Dismiss Count I (action to enforce judgment) is **GRANTED** without prejudice as to any claim against Shanks for alter ego liability for Outlook Singapore as there is no judgment against Outlook Singapore and no present pleading of Shanks' personal benefit arising from conduct through Outlook Singapore under Count II;

3. Shanks' Fed.R.Civ.P. 12(b)(6) Motion to Dismiss Count III (unjust enrichment) under Fed. R. Civ. P. 12(b)(6) is **DENIED**;[1]

---

[1] Shanks' Motion (ECF Doc. No. 56) seeks "an Order dismissing Plaintiff's Amended Complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be

4. Shanks' Fed.R.Civ.P. 12(b)(6) Motion to Dismiss Count IV (Pennsylvania Uniform Fraudulent Transfer Act) is **DENIED** for the reasons set forth in our March 24, 2015 Memorandum (ECF Doc. No. 21);

5. Defendant's Fed.R.Civ.P. 12(b)(6) Motion to Dismiss Count V (breach of fiduciary duty) is **DENIED**;[2]

6. Shanks' Fed.R.Civ.P. 12(b)(6) Motion to Dismiss Count VI (tortious interference with existing contractual relationships) is **DENIED** as Plaintiff specifically pleads: a guaranty between Plaintiff and Outlook Hong Kong; Defendant Shanks intended to interfere with the

---

granted." Presumably, Shanks seeks dismissal of the Amended Complaint in its entirety but it is unclear whether he wishes to dismiss the unjust enrichment claim (Count III) because (i) he failed to submit a form of order, as required by Local Rule 7.1(a), which, if approved by the Court, would grant the relief sought by his motion, and (ii) we find no argument in Shanks' brief to support the dismissal of the unjust enrichment claim as required by Local Rule 7.1(c). Accordingly, we deny Shanks' motion to dismiss Count III, to the extent it is even made, without prejudice and with leave to renew his motion under Fed.R.Civ.P. 56.

[2] As a threshold matter, Shanks asserts we "should be asking [Sugartown]" to define its breach of fiduciary duty claim under Hong Kong and Singapore law. For the reasons set forth in our August 28, 2015 Order, we reject Shanks' argument. Under Fed.R.Civ.P. 44.1, it is Shanks' burden of raising both the issue of the application of foreign law and adequately proving foreign law to enable the Court to apply it. *See* August 28, 2015 Order at n. 2 (ECF Doc. No. 69). Having failed to satisfy these burdens, the law of Pennsylvania will apply.

As addressed in March 24, 2015 Memorandum (ECF Doc. No. 21), as officers, directors and controlling shareholders, Shanks and Glover have a fiduciary duty to Outlook Hong Kong. When Outlook Hong Kong becomes insolvent, Shanks then owes a fiduciary duty to the corporation's creditors. *See* March 24, 2015 Memorandum at 21. Shanks argues Sugartown fails to state a claim because it did not allege Outlook Hong Kong's insolvency at the time of the alleged fraudulent transfers. The Amended Complaint alleges a scheme by which Shanks transferred assets out of Outlook Hong Kong to prevent Sugartown from collecting on its default judgment against it, "leav[ing] Outlook Hong Kong insolvent and unable to pay its debts, including its debts to Sugartown." (Am.Compl. at ¶¶80; see also ¶¶27-47). In considering Shanks' 12(b)(6) motion, we accept Sugartown's well-pleaded allegations as true and interpret them in light most favorable to it, and draw all inference in favor of Sugartown. Under the well-settled standard, we find the Amended Complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

2

guaranty relationship; Defendant Shanks lacked privilege or justification; and, Plaintiff suffered damage as a result of Defendant Shank's interference with the existing guaranty before judgment. Plaintiff plausibly pleads motive subject to factual analysis of actual malice and may evidence conduct against Outlook Hong Kong's interest.

7. Shanks' Fed. R. Civ. P. 12(b)(6) and 9(b) Motion to Dismiss for failure to plead fraud with required specificity is **DENIED without prejudice** to be renewed as part of the substantive challenge at summary judgment where the Court expects Plaintiff to specifically identify the individual conduct of Defendants Shanks and Glover and not rely solely on a theories of a *de facto* partnership; and,

8. Shanks shall answer the Amended Complaint no later than **September 28, 2015.**

KEARNEY, J.