# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUGARTOWN WORLDWIDE LLC | : | CIVIL ACTION |
| v. | : | NO. 14-5063 |
| SHANKS, *et al.* | : | |

## ORDER

**AND NOW,** this 14th day of September 2015, upon consideration of Defendant James Michael Glover's ("Glover") Motion to Dismiss the Amended Complaint (ECF Doc. No. 57), Plaintiff's Revised Response (ECF Doc. No. 73), Defendant's Reply (ECF Doc. No. 78), mindful of our March 24, 2015 Order and Memorandum (ECF Doc. Nos. 21 and 22) and for the reasons, in part, in the accompanying Memorandum, it is **ORDERED** Glover's Motion (ECF Doc. No. 57) is **GRANTED in part and DENIED in part**:

1. In our March 24, 2015 Order, we granted Glover's Motion to Dismiss Plaintiff's unjust enrichment claim for lack of personal jurisdiction. Glover's instant Fed. R. Civ. P. 12(b)(2) Motion to Dismiss for lack of personal specific jurisdiction over him is **GRANTED** as to the unjust enrichment claim (Count III). Count III against Defendant Glover is dismissed for lack of personal jurisdiction;

2. Glover's Fed.R.Civ.P. 12(b)(2) Motion to Dismiss for lack of personal specific jurisdiction is **DENIED** as to Counts I (action to enforce judgment), IV (Pennsylvania Uniform Fraudulent Transfer Act), V (breach of fiduciary duty) and VI (interference with existing contractual relations) for the reasons in our accompanying Memorandum as to Count I and for the same reasons described in our March 24, 2015 Memorandum as well as new allegations of

Defendant Glover's knowledge of, and involvement in, the alleged tortious acts having effects upon Plaintiff in Pennsylvania;

3. Glover's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Count I (action to enforce judgment) is **DENIED** as to Outlook Hong Kong as Plaintiff states a claim for Glover's alter ego liability for the default judgment against Outlook Hong Kong;

4. Glover's Fed.R.Civ.P. 12(b)(6) Motion to Dismiss Count I (action to enforce judgment) is **GRANTED** without prejudice as to any claim against Glover for alter ego liability for Outlook Singapore as there is no judgment against Outlook Singapore and no present pleading of Glover's personal benefit arising from conduct through Outlook Singapore under Count II;

5. Glover's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Count VI (interference with existing contractual relationships) is **DENIED** as Plaintiff specifically pleads: a guaranty between Plaintiff and Outlook Hong Kong; Defendant Glover intended to interfere with the guaranty relationship; Defendant Glover lacked privilege or justification; and, Plaintiff suffered damage as a result of Defendant Glover's interference with the existing guaranty before judgment. Plaintiff plausibly pleads Glover's motive and specific conduct adverse to Outlook Hong Kong's interest, thus excepting him from the protections of being an officer of the same company;

6. Glover's Fed. R. Civ. P. 12(b)(6) and 9(b) Motion to Dismiss for failure to plead fraud with required specificity is **DENIED without prejudice** to be renewed as part of his substantive challenge at summary judgment where the Court expects Plaintiff to specifically identify the individual conduct of Defendants Shanks and Glover and not rely solely on a theories of a *de facto* partnership; and,

2

7.  Glover shall answer the Amended Complaint no later than **September 28, 2015.**

_____
KEARNEY, J.